IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESEE

| | |
|---|---|
| LANDON S. MATHIS,<br><br>        **Plaintiff,**<br>v.<br><br>**DICKSON COUNTY TENNESSEE,**<br>**SHERIFF TIM EADS,** Dickson County<br>Sheriff, in his official capacity,<br>**DEPUTY RANDALL O. SMITH,** in his<br>official capacity.<br>        **Defendants.** | Case No. _____<br><br>**JURY DEMAND (6)** |

**COMPLAINT TO RECOVER DAMAGES FOR**
**DEPRIVATION OF CIVIL RIGHTS AND PENDENT STATE CLAIMS**
_____

### I. JURISDICTION AND VENUE

1. Plaintiff brings this complaint pursuant to 42 U.S.C. § 1983 and the Tennessee Governmental Tort Liability Act for damages resulting from the Defendants deprivation of Civil Rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and pendent state claims.

2. The Court has jurisdiction of this action per 28 U.S.C. §1343 and §1331 and of the parties.

3. Venue is proper in this Honorable Court as the acts complained of occurred in this District.

Plaintiff alleges as follows:

### II. PARTIES

4. Plaintiff Landon S. Mathis is an individual who is a resident of the city of Burns, Dickson County, State of Tennessee.

5. Dickson County is a political subdivision of the State of Tennessee. Dickson County Sheriff's Office is department of the Dickson County, Tennessee Government located in Charlotte, Tennessee, located at 140 County Jail Drive Charlotte, TN 37036. Sheriff Tim Eads is the elected Sheriff of Dickson County, Tennessee. Dickson County at all times relevant has the responsibility, and/or delegated to Defendant Tim Eads, Sheriff of Dickson County, the responsibility to establish and implement policies, practices, procedures and customs, used by law enforcement officers employed by Dickson County regarding lawful arrests. At all times, Dickson County was acting under color of state law. The agent for service of process is Mayor Bob Rial, County Mayor, Dickson County, located at 4 Court Square, Charlotte, Tennessee 37036.

6. Defendant Randall O. Smith was acting under the color of state law and in the course and scope of his employment, as Deputy Sheriff for Dickson County, Tennessee, at all times material to this Complaint.

### III. FACTUAL ALLEGATIONS

7. On or about September 24, 2023, the Plaintiff, Landon S. Mathis, was at his home at 1411 Johnson St., Burns, Tennessee, Dickson County enjoying a football game with a friend of his, Glenn Melton, as well as his live-in girlfriend, Ms. Ashley Peters. Her 17 year old minor son, K.P., was also present.

8. The previous day, K.P. had expressed to Plaintiff Mathis that he needed some extra money, approximately $40, for a video game that he wished to purchase.

9. Plaintiff Mathis then offered the opportunity to K.P. to earn the money by doing some extra weed-eating around the shop area at the rear of his residence. K.P.'s normal chores included weed-eating the yard and around the home, where he then resided.

10. On September 24, 2023, and while in the presence of Ms. Peters and Mr. Melton, K.P. came in and demanded the money for the video game without having completed the agreed upon work. Plaintiff Mathis advised that he had not completed the work, and it was still daylight and he could go complete the work still if he wanted the money.

11. K.P. became upset and began screaming at his Mother, Ms. Peters. He then approached Plaintiff Mathis in a threatening manner. Plaintiff Mathis then placed him on the couch and advised he go to his room to calm down.

12. Soon thereafter, K.P. emerged from his room and again approached Plaintiff Mathis in a threatening manner. This time, K.P. tripped after engaging Mr. Mathis and fell down. K.P., then enraged, rushed at Plaintiff Mathis, who then tackled him to the ground in an effort to subdue him. K.P. was punching Plaintiff Mathis in the head during this last engagement and while being subdued.

13. Plaintiff Mathis then let K.P. up on the condition that he calm down. It was then suggested that K.P. go to his friend's home down the street to take time to calm down. K.P. and his friend were then driven from the residence by Ms. Peters to the friend's home nearby.

14. The events reflected thus far occurred at or around 6:30 p.m. on September 24, 2023.

15. Sometime after leaving the residence, and upon information and belief, K.P. called his Father, Jeremy Bozza, regarding the events occurring earlier that evening. Upon information and belief, Mr. Bozza then called the Dickson County Sheriff's Office.

16. Upon information and belief, Mr. Bozza met with Dickson County Sheriff's Deputy Randall O. Smith at the post office located in Burns, Tennessee. It is believed that K.P.

did convey to Deputy Smith that he was in fact the first aggressor in his encounter(s) with Mr. Mathis.

17. Sometime at or around 10:30 p.m., Deputy Smith arrived at Plaintiff's residence at 1411 Johnson St., Burns, Tennessee, 37029. The Plaintiff, Ms. Peters and the remaining children were asleep inside the residence.

18. Deputy Smith made contact with Ms. Ashley Peters, who conveyed the events as reflected herein, and advised Deputy Smith of the other adult witness who was present at the time of the altercation(s), Mr. Glen Melton.

19. Upon information and belief, Ms. Peters further advised Deputy Smith of previous reports where K.B. had been unruly and law enforcement had been called out.

20. Deputy Smith then requested Plaintiff Mathis be awakened to speak with him regarding the incident.

21. After about ten (10) minutes, Deputy Smith made the decision to arrest Plaintiff Mathis.

22. Deputy Smith at all times during his "investigation" knew from multiple sources that K.P. was the first aggressor in the altercation, including K.P. and Ms. Ashley Peters. Deputy Smith also failed to interview Mr. Melton, when informed by Plaintiff Mathis that his residence was nearby.

23. Deputy Smith had no probable cause to effectuate the arrest of Mr. Mathis.

24. Plaintiff Mathis was, at the time, and still, the Mayor of Burns, Tennessee.

25. Deputy Smith's actions caused national news stories to be printed about this incident, including CNN, MSNBC and *The New York Post*, not to mention local media outlets, thereby causing severe emotional distress and loss of enjoyment of life to Plaintiff Mathis.

26. Plaintiff Mathis was charged with Domestic Assault under Tenn. Code Ann. § 39-13-111, and was required to be held at the Dickson County Jail for twelve (12) hours from the early morning of September 25, 2023.

27. On December 7, 2023, the case against Mr. Mathis was ultimately dismissed with prejudice, and an expungement was processed by the Dickson County General Sessions Court, the Honorable Craig Monsue.

28. At all times, Deputy Smith was acting under Color of Law as an agent and Deputy of the Dickson County Sheriff's Office.

29. Deputy Smith knew, or should have known, there was no probable cause to arrest the Plaintiff.

30. Deputy Smith made no effort to determine any history of domestic abuse between the parties, as there was none.

31. K.P. sustained no injuries.

32. Upon information and belief, K.P. informed Deputy Smith that he was the first aggressor.

33. Deputy Smith made no inquiry as to the likelihood of any future injuries to each party.

34. Deputy Smith chose to ignore evidence that Plaintiff Mathis acted in self-defense.

35. Deputy chose to ignore evidence from the eyewitness, Ms. Ashley Peters, and failed to investigate the witness with another readily available eyewitness in Mr. Glen Melton.

36. Deputy Smith did confine the Plaintiff against his will.

37. The Plaintiff suffered severe emotional distress and loss of enjoyment of life due to the actions of Deputy Smith and the Dickson County Sheriff's Department.

38. The Dickson County Sheriff's Office is responsible for the training and conduct of their employees, agents and deputies.

## COUNT 1-UNREASONABLE SEARCH AND SEIZURE

Plaintiff incorporates the preceding paragraphs by reference

39. As a result of the arrest warrant, Plaintiff was held in custody from September 24, through September 25, 2023 for twelve (12) hours.

40. Defendant Deputy Smith failed to investigate the incident, and ignored all evidence that ultimately exonerated Plaintiff Mathis.

41. Deputy Smith's Affidavit to the magistrate was ignored all the readily available evidence on scene tending to negate the alleged probable cause.

42. The actions of Defendant Deputy Smith proximately caused damages to Plaintiff in loss of liberty, embarrassment, humiliation and mental and emotional distress.

43. The actions of Defendant Deputy Smith was the result of either a lack of training and supervision or a de facto policy of failing to comply with Fourth Amendment Standards on the part of Dickson County, Tennessee.

44. Plaintiff alleges that aforementioned constitutional violations and tort(s) committed by Defendant Dickson County Sheriff's Office were the result of policies, customs, practices and/or procedures of the Defendant's respective Office or Department.

## COUNT 2- NEGLIGENT HIRING, RETENTION AND SUPERVISION

## (PENDENT STATE CLAIM)

Plaintiff incorporates the preceding paragraphs by reference herein

45. Defendant Dickson County Sheriff's Office is the employer of Defendant Deputy Randall O. Smith at all times material to this Complaint.

46. It is the responsibility of the Dickson County Sheriff's Office to ensure all Officers, Deputies, employees and staff are trained and possess a working knowledge of Tennessee criminal procedure, the criminal laws of the State of Tennessee and the Constitution of the State of Tennessee and the Unites States of America.

47. Dickson County did not provide adequate training of any nature that would equip Defendant Deputy Smith with the knowledge required to carry out the policing function.

48. Alternatively, Deputy Smith knew and ignored his training and intentionally issued the warrant against Plaintiff Mathis.

49. Had any supervision or review of the warrant issued by Defendant Deputy Smith by his supervisor(s) been conducted, the warrant would not, or should not, have been issued.

50. Defendant Dickson County's negligent hiring, retention and supervision has caused the Plaintiff to suffer loss of liberty, embarrassment, humiliation and mental and emotional distress.

51. Plaintiff requests this Honorable court to exercise its pendent jurisdiction over this state claim for negligence pursuant to 28 U.S.C. 1367.

52. The State of Tennessee has waived immunity for negligence claims per Tenn. Code Ann. §29-20-205.

## COUNT 3 - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## (PENDENT STATE CLAIM)

Plaintiff incorporates the preceding paragraphs by reference herein

53. Actions of Defendants in this action through action or lack of action have inflicted emotional distress on the Plaintiff.

54. The Defendants breached a duty to the Plaintiff to use due care in the performance of their duties to ensure that a facially valid warrant is issued before arresting, detaining and restricting the liberty of the Plaintiff or any citizen.

55. The Defendants proximately caused damages to the Plaintiff causing him to suffer emotional distress during his incarceration and ensuing national media attention.

56. Plaintiff requests this Honorable court to exercise its pendent jurisdiction over this state claim for negligence pursuant to 28 U.S.C. 1367.

57. Tennessee has waived immunity for negligence claims per Tenn. Code Ann. §29-20-205.

## IV. REQUEST FOR RELIEF

Plaintiff incorporates the preceding paragraphs by reference herein.

WHEREFORE, Plaintiff seeks the following relief:

1. Actual and compensatory damages of $300,000.00;

2. Attorney's fees, litigation expense, costs, pre- and post- judgment interest as provided by law;

3. That this case be tried by a jury; and

4. Other such relief as the Court deems just and proper.

Respectfully Submitted,


**/s/ F. Lee Spratt**_____
F. Lee Spratt, #034675
Baker Law Group, PLLC
PO Box 250
Charlotte, TN  37036
Phone:  (615) 789-3164
Fax:     (615) 789-6390
*Attorney for Plaintiff Landon S. Mathis*